# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| TINA McMANAMA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. |
| | )   2:07-CV-479-ID |
| | ) |
| GANNETT CO., INC., | ) |
| | ) |
|     Defendants. | ) |

## ANSWER

Defendant Gannett Co., Inc. ("Gannett") answers the plaintiff's Complaint and states as follows:

## I. JURISDICTION

1. Gannett admits that the plaintiff seeks to assert a claim pursuant to the Equal Pay Act of 1963, as amended, but denies that it violated the statute cited or any other laws with respect to the plaintiff. Gannett denies that the plaintiff is entitled to any relief.

## II. PARTIES

2. Gannett admits that it employed the plaintiff in Montgomery, Alabama and that the plaintiff is a female citizen of the United States. Gannett lacks knowledge or information sufficient to form a belief as to the plaintiff's

current residency and therefore, denies that allegation, but admits that she was a resident of the State of Alabama at the time it employed her.

    3.    Admitted.

### III. ALLEGATIONS OF FACT

    4.    Gannett reasserts its responses to paragraphs 1-3, above.

    5.    Gannett admits that the plaintiff was employed as a Director of Market Development for the Montgomery Advertiser. Gannett further admits that the plaintiff resigned her employment effective December 29, 2006. Except as explicitly admitted, Gannett denies the allegations of paragraph 5.

    6.    Admitted.

    7.    Gannett admits that Don Halleck held the position of Director of Market Development for the Montgomery Advertiser prior to the plaintiff. Except as explicitly admitted, Gannett denies the allegations of paragraph 7.

    8.    Denied.

### IV. ALLEGED CAUSES OF ACTION

#### Claim I – Equal Pay Act – Unequal Pay

    9.    Gannett reasserts its responses to paragraphs 1-8, above.

    10.    Denied.

    11.    Denied.

## V. ALLEGED PRAYER FOR RELIEF

Gannett denies that the plaintiff is entitled to the relief requested in her Prayer for Relief or to any other relief.

In further defense, Gannett avers:

### FIRST DEFENSE

The plaintiff's Complaint, in whole or in part, fails to state a claim for which relief may be granted.

### SECOND DEFENSE

The plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

### THIRD DEFENSE

The plaintiff's claims, in whole or in part, are barred by acquiescence, waiver, consent, and/or estoppel.

### FOURTH DEFENSE

The plaintiff's claims are barred to the extent that she failed to mitigate her alleged damages, if any.

### FIFTH DEFENSE

The plaintiff's claims for equitable relief are barred, in whole or in part, to the extent that she has unclean hands.

## SIXTH DEFENSE

All employment decisions made and actions taken by Gannett were made or taken for legitimate, non-discriminatory, non-retaliatory reasons that were not pretextual.

## SEVENTH DEFENSE

The plaintiff's pay claims are barred because any and all differentials in pay were pursuant to (1) a bona fide seniority system; (2) a bona fide merit system; (3) a system that measures earnings by quantity or quality of production; or (4) a differential based on factors other than sex.

## EIGHTH DEFENSE

The plaintiff's pay claims are barred because she was not paid less than male employees whose jobs required the same skill, effort and responsibility and were performed under similar working conditions.

## NINTH DEFENSE

All employment decisions made and actions taken by Gannett were made or taken in good faith.

## TENTH DEFENSE

Assuming, *arguendo*, that Gannett acted with an unlawful motive, though it did not, it would have taken or made the same actions or decisions with regard to the plaintiff in the absence of said alleged unlawful motive.

## ELEVENTH DEFENSE

Assuming, *arguendo*, any unlawful acts occurred, though they did not, the plaintiff is not entitled to liquidated damages because any act or omission giving rise to a claim under the Fair Labor Standards Act ("FLSA") was not willful, but was made in good faith and based upon a reasonable belief that the act or omission did not violate the FLSA.

## TWELFTH DEFENSE

Gannett reserves the right to assert any and all defenses available to it under the Equal Pay Act or any other statute upon which the plaintiff seeks to premise her claims.

s/John W. Sheffield
John W. Sheffield (ASB-7423-D62J)

s/Lynlee Wells Palmer
Lynlee Wells Palmer (ASB-4367-T82P)

Attorneys for Gannett Co., Inc.

**OF COUNSEL:**

**JOHNSTON BARTON
PROCTOR & ROSE LLP**
Colonial Brookwood Center
569 Brookwood Village, Suite 901
Birmingham, Alabama 35209
Telephone: 205-458-9400
Facsimile: 205-458-9500

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 3, 2007, I electronically filed the foregoing Answer via the Court's CM/ECF system, which will electronically send notice to the following counsel of record:

C. Michael Quinn, Esq.
Wiggins Childs, Quinn & Pantazis, LLC
The Kress Building
301 Nineteenth Street North
Birmingham, Alabama  35203

s/Lynlee Wells Palmer
Of Counsel
