IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TINA McMANAMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 2:07-CV-479-ID |
| GANNETT CO., INC. | ) | |
| | ) | |

## MOTION TO COMPEL DISCOVERY

**COMES NOW** the plaintiff Tina McManama and pursuant to Fed. R. Civ. P. 37(a)(2)(B) moves this Honorable Court to compel the defendant to provide adequate responses to the plaintiff's interrogatories and requests for production. In support of this motion, the plaintiff states as follows:

1.      The plaintiff Tina McManama filed this lawsuit alleging pay discrimination by the defendant over the course of her employment with the defendant, Gannett Co., Inc. The plaintiff alleged in her Complaint that the defendant's actions constituted a violation of the Equal Pay Act of 1963, as amended, 29 U.S.C. § 206(d). Doc. no. 1. The plaintiff contends that she was paid less than male Gannett employees who performed a job of equal skill, responsibility and effort under similar working conditions. *Id.*

2.      The plaintiff served interrogatories and request for production on the defendant on February 13, 2008. *See* Exhibits A & B, attached. On March 13, 2008, the defendant provided objections and responses. *See* Exhibits C & D, attached. The defendant's responses are inadequate in that they raise baseless objections and otherwise fail to respond to appropriate interrogatories and requests for production. The defendant has not stated an appropriate legal basis for its failure to

1

provide the requested information and documents which are discoverable under the Federal Rules of Civil procedure and are necessary in order for the plaintiff to pursue her claims of pay discrimination by the defendant, Gannett Co., Inc.  Since that time, the defendant has raised objections that could theoretically be resolved, but the defendant has simply failed to respond to repeated requests from the plaintiff.  The plaintiff has also offered to narrow any number of the plaintiff's interrogatories and requests for production, but the defendant has simply not responded. The plaintiff has repeatedly requested that the defendant supplement its responses and provide the appropriate information and documentation, but the defendant has done nothing.

3.    The liberal standards governing discovery in employment discrimination cases are well established. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-13, 122 S.Ct. 992, 998 (2002). *See also*, *Lyoch v. Anheuser-Busch Co.*, 1995 U.S.Dist. LEXIS 16686 (E.D.Mo. 1995).  In fact, in *Wards Cove Packing Company v. Atonio*, 490 U.S. 642, 657 (1989), the Supreme Court held that a plaintiff in an employment discrimination lawsuit may employ "liberal civil discovery rules" to obtain "broad access to employer's records."  *See also, Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 660 n.19 (11th Cir. 1993); *Sweat v. Miller Brewing Co.*, 708 F.2d 655, 648 (11th Cir. 1983) ("We note that liberal discovery rules are applied in Title VII litigation."); *Burns v. Thiokol Chemical*, 483 F.2d 300 (5th Cir. 1973); *Finch v. Hercules, Inc.*, 149 F.R.D. 60, 62 (D.Del. 1993) ("The necessity for liberal discovery to clarify the complex issues encountered in litigation seeking to redress employment discrimination has been widely recognized."); *Roger v. Electronic Data Systems*, 155 F.R.D. 537, 539 (E.D.N.C. 1994) ("Imposition of unnecessary discovery limitations to be avoided in discrimination cases."); *Serina v. Albertson's Inc.*, 128 F.R.D. 290 (M.D.Fla. 1989); *Haykel v. G.F.I. Furniture Leasing Co.*, 76 F.R.D. 386 (N.D.Ga. 1976).  A plaintiff in an

2

employment discrimination action must be afforded access to information that will assist in establishing that the alleged discrimination exists.

4.      In the present case, the plaintiff has requested information about potential comparators employed by the defendant at a variety of locations.  The plaintiff was employed by Gannett Co., Inc. (not the Montgomery Advertiser) and therefore the plaintiff is entitled to discovery of other Gannett employees pay information in order to determine whether or not she was paid less than male employees who performed jobs of equal skill, responsibility and effort under similar working conditions.  *See generally*, Exhibit A & B.

5.      Initially, the defendant objects to providing certain unspecified information and documents based on its claims that "the information is private and confidential to third parties and as to which those individuals have a reasonable and legitimate expectation of privacy."  See Exhibit E at 1.  The defendant's objections is not valid.  The need for a protective order is questionable given the fact that the defendant provided at least some of the employment records of the plaintiff's predecessor to the EEOC and later to the plaintiff without any such protective order.  In addition, the defendant failed to raise the issue of the need for any protective order during the parties initial planning meeting, when a reasonable protective order could have been negotiated and entered along with the Court's Scheduling Order. Doc. no. 7 & 9.  In fact, the defendant failed to raise the need for a protective order prior to the time the defendant provided the plaintiff with its initial written discovery to the defendant.  Finally, since the time the defendant raised the objection, the plaintiff has attempted on numerous occasions to have an appropriate protective order entered which would resolve the defendant's objections.  During that time, the defendant  has repeatedly failed to take any action.

6.      As to the defendant's remaining objections, the plaintiff outlined a long list of concerns and respectfully requested that the defendant withdraw meritless objections and provide additional information and documents.  The plaintiff also attempted to engage the defendant in a discussion over ways in which the plaintiff could narrow its discovery requests and resolve the defendant's other objections to interrogatories and requests (primarily those which it viewed as overly broad or unduly burdensome).  Despite repeated requests by the plaintiff for a response, the defendant has done nothing and has offered nothing in the way of a substantive response to the plaintiff's concerns or made any effort to discuss the appropriate scope of discovery.

7.      On April 24, 2008, counsel for the plaintiff sent the defendant a detailed letter outlining the plaintiff's numerous instances where the defendant's objections were baseless and its responses inadequate.[1]  *See* Exhibit E, attached.  As noted above, the defendant's primary objections were its general contentions that the plaintiff's interrogatories and requests for production (1) violated the privacy expectations of non-party employees, (2) were overly broad, and (3) unduly burdensome.  The defendant has simply failed to respond to, much less engage in negotiation over, the proper scope of discovery.

8.      On May 5, 2008, counsel for the plaintiff inquired about the status of the defendant's discovery responses.  *See* Exhibit F, attached.  Counsel also attached a proposed Agreement and Protective Order for the defendant to review.  On May 7, 2008, counsel for the defendant indicated that she would "review both [the] letter and [] proposed protective order and will be in touch."  See Exhibit G, attached.

---

[1] The plaintiff adopts and incorporates its position as expressed in its letter to the defendant as part of this motion by reference.

9.      On May 16, 2008, counsel for the plaintiff again inquired about the status of the defendant's discovery responses as well as the proposed Protective Order.  *See* Exhibit H, attached. Counsel for the defendant indicated that she would provide discovery responses during the following week.  *Id.*  As of the close of business on Tuesday, June 3, 2008, counsel has not received any response to the plaintiff's interrogatories and requests for production or even any suggestions for revisions to the plaintiff's proposed Protective Order.

10.     As the above discussion makes plain, the plaintiff has engaged in a good faith attempt to obtain discovery responses and to resolve any dispute without involving the Court, but these efforts were not successful.  The plaintiff is therefore forced to file the instant motion to compel.

**WHEREFORE, PREMISES CONSIDERED**, the plaintiff respectfully requests this Honorable Court to compel the defendant to respond and provide the information and documents requested by the plaintiff in the plaintiff's interrogatories and request for production of documents. The plaintiff further requests that the Court award any costs and attorneys' fees that the Court deems appropriate under Fed. R. Civ. P. 37(a)(4)(A).

Respectfully submitted,


*/s/ H. Wallace Blizzard*
C. Michael Quinn
H. Wallace Blizzard
*Attorneys for Plaintiff*

OF COUNSEL:
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 Nineteenth Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0500
Facsimile: (205) 254-1500

## CERTIFICATE OF SERVICE

I hereby certify on June 3, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

John W. Sheffield, Esq.
Lynlee Wells Palmer, Esq.
JOHNSTON BARTON PROCTOR & ROSE LLP
Colonial Brookwood Center
569 Brookwood Village, Suite 901
Birmingham, Alabama 35209
Telephone: (205) 458-9400
Facsimile: (205) 458-9500

*/s/ H. Wallace Blizzard*
Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TINA McMANAMA,                )
                              )
    Plaintiff,                )
                              )
v.                            )        Case No. 2:07-CV-479-ID
                              )
GANNETT CO., INC.             )
                              )

## PLAINTIFF'S FIRST INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26, 33 and 34, the plaintiff propounds these interrogatories and document requests to the defendant and its officers, attorneys, agents, contractors, and employees having any information or documents which are available to the defendant. These interrogatories and document requests are to be answered separately and severally by the defendant in the manner, time and form provided by law and the rules of court.

Where facts set forth in answers, or portions thereof, are supplied upon information and belief, rather than upon personal knowledge, the defendant should so state and specifically identify and describe the source or sources of such information and belief. Should the defendant be unable to answer any interrogatory or portion thereof by actual knowledge, or upon information and belief, it shall state

in detail its efforts to obtain such knowledge as will enable it to answer said interrogatory or portions thereof.

Answers to these interrogatories and document requests shall be responsive to the date on which the answers are filed and shall be continuing in character and require the filing of supplemental answers if further or different information on documents relative thereto becomes known before trial. Where knowledge or information of the defendant is requested, such request includes knowledge of its agents, contractors, representatives, and unless privileged, its attorneys.

## **DEFINITIONS**

A.    As used herein, the definitions for the term "document" means without limitation, the following items, whether printed, recorded or reproduced by any other mechanical means or process, or written or produced by hand: agreements; contracts; communications; correspondence; letters; telegrams; tape recordings; memoranda; notes; summaries or other recordings of telephone conversations, personal conversations, or meetings; agenda of meetings; notices; records; bid records; personal memoranda; photographs; photographic slides; motion picture films; charts; graphs; diagrams; reports; statement of witnesses; findings of investigations; files; reports of experts; reports of consultants; papers; books; records; summaries; and any and every other writing or other graphic means by which human intelligence is in any

2

way transmitted or reported.

     B.     As used herein, the term "oral communication" means any words heard or spoken, and including, without limitation, words spoken at any meeting, discussion, speech or conversation, including any telephone conversation.

     C.     As used herein, the term "person" includes natural persons, governments (or agencies thereof), quasi-public entities, corporations, partnerships, ventures, and all other forms of organization, association or business entities.

     D.     As used herein, the term "you," "company," or "defendant" means the named defendant(s) in this action and the officers, attorneys, agents and employees of such defendant(s) having information available to the defendant(s) within the meaning of Rule 33(a).

     E.     "Identify" when referring to a natural person means to provide an identification sufficient to notice a deposition of such person and to serve such person with process to require his or her attendance at a place of examination and shall include, without limitation, his or her full name, present or last known home address, present or last known business affiliation and address, title or occupation, and each of the positions held by such persons during the applicable time covered by any answer referring to such person.

     F.     "Identify" when referring to a document or writing means to give

3

sufficient characterization of such document or writing so as to have identified it "with reasonable particularity" for purposes of Rule 33 and of Rule 34 of the Federal Rules of Civil Procedure. More particularly, the term "identify" when used with reference to a document includes:

a.   date the document bears, or if none, under the date it was written;

b.   name and address of each person who wrote it or participated in the writing of it;

c.   name and address of each person to whom it was addressed and each person to whom a copy was identified as being directed;

d.   name and address of each person who received a copy of the document;

e.   description of the document, as for instance, a letter or memorandum;

f.   its present location or custodian of each copy, or if unknown, its last known location or custodian;

g.   if any document is no longer in the defendant's possession, or subject to the defendant's control state what disposition was made of it, the reason for such disposition, the identity of the person currently having possession or control and the date that possession or control was relinquished by the defendant or any one of

4

them.

When used with reference to an oral communication, "identify" means to includes the following:

  a. all persons participating in such oral communication;

  b. date, manner (e.g., telephone) and place at which persons participated in or heard the oral communication were located;

  c. a description of the circumstances surrounding the communications, as, for instance, meeting, speech or conversation;

  d. name of each person who was present, other than the participants;

  e. substance of the oral communication.

 G. As used herein, the term "date" shall mean the exact day, month and year, if ascertainable, or if not, the best approximation thereof, including relationship to other events.

 H. "Personnel Information" shall include data or information which pertains to employees, applicants for employment, persons seeking employment, or former employees, and includes, but is not limited to, information on any individual or aggregate of individuals concerning applicant flow, residence, interviews, tests, evaluations, referrals from referral agencies, length of service, absences, tardiness,

educational level, selection, job assignment, performance, training, qualifications, validation of tests, promotion, health, and/or safety, vacancies, job applications, test results, marital status, sex, age, race, family status, recruitment, discipline, counseling, supervisors notes, supervisors files, etc.

I.    As used herein the term "discipline" shall include any action taken in regard to an employee which is intended to punish and/or correct some aspect of the employee's behavior conduct or performance, including, but not limited to, the following actions: verbal warning, written warning, verbal reprimand, written reprimand, suspension, demotion, placement or probation, fine, etc.

J.    As used herein, the term "termination" shall include any one or more of the following actions which interrupt an employee's service of employment with the defendant: layoff, discharge, quit, resignation, terminated, fired, etc.

K.    As used herein, the term "compensation" shall include all forms of compensation whether monetary or in kind including base pay, commission, bonus pay, allowance, reimbursement, employer contribution to retirement or other accounts, etc.

## **INTERROGATORIES**

1.    Please provide the work history of the plaintiff while she was employed with the defendant.  In responding to this interrogatory, please provide date of hire,

date(s), title(s) and a brief description of all job titles held and the location, any disciplinary action taken against the plaintiff and the reason(s) for such disciplinary action, the name(s) of any supervisor(s) involved in such discipline.

2.   Please provide a detailed listing of any performance problems alleged against the plaintiff while employed with the defendant including the date(s) of any verbal and/or written warning(s), the reason(s) for any such warning(s), the identity of the person(s) issuing the warning(s) and their gender, and any counseling the plaintiff might have received regarding said warning(s).

3.   Please identify those positions which the defendant contends are comparable to the Director, Market Development position with the Montgomery Advertiser held by the plaintiff in that those positions require "equal skill, effort and responsibility and are performed under similar working conditions."

4.   Please provide the name, sex, date of hire, position title and compensation for any individual who held any of the positions identified in response to Interrogatory Number 3.

5.   Please identify all those positions which perform any portion of the job duties of the Director, Market Development position at any of the defendant's publications in the Southeastern United States (Alabama, Florida, Georgia,

7

Mississippi and Tennessee) regardless of whether or not the defendant identified those positions in response to Interrogatory Number 3.

6.    Please provide the name, sex, date of hire, position title and compensation for any individual who held any of the positions identified in response to Interrogatory Number 5.

7.    Please provide the name, sex, date of hire, position and compensation of the individual(s) who performed the job duties, or some portion of the job duties, of the plaintiff and the individual(s) who took over the job duties, or some portion of the job duties, of the plaintiff after she left the defendant's employment.

8.    Please provide the work history of all persons identified in Interrogatories Number 4, 6 and/or 7 above.  In responding to this interrogatory, please provide dates of hire, date(s), position(s) and compensation, a brief description of all job titles held including location(s), any disciplinary action taken against the individual(s) and the reason(s) for such disciplinary action, the name(s) of any supervisor(s) involved in such discipline, up to and including the date(s) and reason(s) the defendant terminated the individual(s)'s employment and, the name(s) and position(s) of any decision-makers regarding the individual's termination, if any.

8

9.   Please provide a detailed listing of any performance problems alleged against the individual(s) identified in Interrogatory Number 4, 6 and/or 7, including the date(s) of any verbal and/or written warning(s), the reason(s) for any such warning(s), the identity of the person(s) issuing the warning(s) and their gender, and any counseling the individual(s) might have received regarding said warning(s).

10.  Please provide a listing of all current and former employees from January 1, 2001, to the present, including the name(s), date(s) of hire, position(s) held and location, and (including all salary information), date(s) of separation and the reason(s) for separation of each current and former employee.

11.  Please list all internal complaints, lawsuits and EEOC charges regarding allegations of sex discrimination and/or violations of the Equal Pay Act brought to the defendant's attention.

12.  Please provide a list of all witnesses (and potential witnesses) whom the defendant has contacted, whether in writing or orally, regarding the plaintiff's claims, including date of such contact and/or conversation, the name of the individual making such contact, and whether a written statement was taken during or subsequent to such contact.

13.  Please provide, in detail, the substance of any complaints and the results of any

9

investigations of sex discrimination from any employee employed with the defendant. In responding, include the names of the complainant and accused, dates of complaint and investigation, name of individual who conducted investigation, name of all witnesses interviewed, and outcome of investigation.

14. Do you contend that the plaintiff did not complain about sex discrimination? If the plaintiff did complain, please provide, in detail, the substance of any complaints and the results of any investigations of sex discrimination. In responding, include the names of the complainant and accused, dates of complaint and investigation, name of individual who conducted investigation, name of all witnesses interviewed, and outcome of investigation.

15. Please state, in detail, the defendant's policies and procedures with regards to sexual discrimination, compensation, hiring, and promotion.

16. Please state, in detail, all facts and circumstances which the defendant contends supports the defendant's Seventh Affirmative Defense ("[a]ny disparity in pay between plaintiff and other male employees was based on a factor other than gender or sex.").

17. Please state, in detail, all facts and circumstances which the defendant contends supports the defenses asserted in the defendant's answer or that relate to any claims asserted by the defendant.

10

Respectfully submitted,

C. Michael Quinn
H. Wallace Blizzard
*Attorneys for Plaintiff*

OF COUNSEL:
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 Nineteenth Street North
Birmingham, Alabama 35203
(205) 314-0500 (telephone)
(205) 254-1500 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2008, a true copy of the foregoing has been served via United States Mail, postage prepaid and properly addressed to:

John W. Sheffield, Esq.
Lynlee Wells Palmer, Esq.
JOHNSTON BARTON
PROCTOR & ROSE LLP
Colonial Brookwood Center
569 Brookwood Village, Suite 901
Birmingham, Alabama 35209

Of Counsel

11

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TINA McMANAMA,               )
                             )
        Plaintiff,           )
                             )
v.                           )        Case No. 2:07-CV-479-ID
                             )
GANNETT CO., INC.            )
                             )

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

Pursuant to Federal Rules of Civil Procedure 26, 33 and 34, the plaintiff

propounds these interrogatories and document requests to the defendant and its

officers, attorneys, agents, contractors, and employees having any information or

documents which are available to the defendant. These interrogatories and document

requests are to be answered separately and severally by the defendant in the manner,

time and form provided by law and the rules of court.

Where facts set forth in answers, or portions thereof, are supplied upon

information and belief, rather than upon personal knowledge, the defendant should

so state and specifically identify and describe the source or sources of such

information and belief. Should the defendant be unable to answer any interrogatory

or portion thereof by actual knowledge, or upon information and belief, it shall state

1

in detail its efforts to obtain such knowledge as will enable it to answer said interrogatory or portions thereof.

Answers to these interrogatories and document requests shall be responsive to the date on which the answers are filed and shall be continuing in character and require the filing of supplemental answers if further or different information on documents relative thereto becomes known before trial.   Where knowledge or information of the defendant is requested, such request includes knowledge of its agents, contractors, representatives, and unless privileged, its attorneys.

## DEFINITIONS

A.    As used herein, the definitions for the term "document" means without limitation, the following items, whether printed, recorded or reproduced by any other mechanical means or process, or written or produced by hand: agreements; contracts; communications; correspondence; letters; telegrams; tape recordings; memoranda; notes; summaries or other recordings of telephone conversations, personal conversations, or meetings; agenda of meetings; notices; records; bid records; personal memoranda; photographs; photographic slides; motion picture films; charts; graphs; diagrams; reports; statement of witnesses; findings of investigations; files; reports of experts; reports of consultants; papers; books; records; summaries; and any and every other writing or other graphic means by which human intelligence is in any

2

way transmitted or reported.

B.    As used herein, the term "oral communication" means any words heard or spoken, and including, without limitation, words spoken at any meeting, discussion, speech or conversation, including any telephone conversation.

C.    As used herein, the term "person" includes natural persons, governments (or agencies thereof), quasi-public entities, corporations, partnerships, ventures, and all other forms of organization, association or business entities.

D.    As used herein, the term "you," "company," or "defendant" means the named defendant(s) in this action and the officers, attorneys, agents and employees of such defendant(s) having information available to the defendant(s) within the meaning of Rule 33(a).

E.    "Identify" when referring to a natural person means to provide an identification sufficient to notice a deposition of such person and to serve such person with process to require his or her attendance at a place of examination and shall include, without limitation, his or her full name, present or last known home address, present or last known business affiliation and address, title or occupation, and each of the positions held by such persons during the applicable time covered by any answer referring to such person.

F.    "Identify" when referring to a document or writing means to give

sufficient characterization of such document or writing so as to have identified it "with reasonable particularity" for purposes of Rule 33 and of Rule 34 of the Federal Rules of Civil Procedure. More particularly, the term "identify" when used with reference to a document includes:

a.    date the document bears, or if none, under the date it was written;

b.    name and address of each person who wrote it or participated in the writing of it;

c.    name and address of each person to whom it was addressed and each person to whom a copy was identified as being directed;

d.    name and address of each person who received a copy of the document;

e.    description of the document, as for instance, a letter or memorandum;

f.    its present location or custodian of each copy, or if unknown, its last known location or custodian;

g.    if any document is no longer in the defendant's possession, or subject to the defendant's control state what disposition was made of it, the reason for such disposition, the identity of the person currently having possession or control and the date that possession or control was relinquished by the defendant or any one of

4

them.

When used with reference to an oral communication, "identify" means to includes the following:

a.   all persons participating in such oral communication;

b.   date, manner (e.g., telephone) and place at which persons participated in or heard the oral communication were located;

c.   a description of the circumstances surrounding the communications, as, for instance, meeting, speech or conversation;

d.   name of each person who was present, other than the participants;

e.   substance of the oral communication.

G.   As used herein, the term "date" shall mean the exact day, month and year, if ascertainable, or if not, the best approximation thereof, including relationship to other events.

H.   "Personnel Information" shall include data or information which pertains to employees, applicants for employment, persons seeking employment, or former employees, and includes, but is not limited to, information on any individual or aggregate of individuals concerning applicant flow, residence, interviews, tests, evaluations, referrals from referral agencies, length of service, absences, tardiness,

5

educational level, selection, job assignment, performance, training, qualifications, validation of tests, promotion, health, and/or safety, vacancies, job applications, test results, marital status, sex, age, race, family status, recruitment, discipline, counseling, supervisors notes, supervisors files, etc.

I.    As used herein the term "discipline" shall include any action taken in regard to an employee which is intended to punish and/or correct some aspect of the employee's behavior conduct or performance, including, but not limited to, the following actions: verbal warning, written warning, verbal reprimand, written reprimand, suspension, demotion, placement or probation, fine, etc.

J.    As used herein, the term "termination" shall include any one or more of the following actions which interrupt an employee's service of employment with the defendant: layoff, discharge, quit, resignation, terminated, fired, etc.

K.    As used herein, the term "compensation" shall include all forms of compensation whether monetary or in kind including base pay, commission, bonus pay, allowance, reimbursement, employer contribution to retirement or other accounts, etc.

## REQUEST FOR PRODUCTION OF DOCUMENTS

The plaintiff requests that the defendant produce and/or provide for inspection at a mutually agreed upon date and time within the scope of Rule 34 of the Federal

6

Rules of Civil Procedure the following documents:

1.  The complete personnel file of the plaintiff including any secondary personnel files, suspense files, employee files, evaluation files, or any other files containing such personnel information, including all documents which reflect any and all compensation paid to the plaintiff during her employment with the defendant.

2.  The complete personnel file of each and every individual identified in response to Interrogatories Number 4, 6 and/or 7, including all documents which reflect any and all compensation paid to these individual(s).

3.  All manuals, handbooks, policies, procedures, notices, or directives issued by the defendant pertaining to any form of employee compensation, fringe benefits, bonus pay, merit raises, and incentives in effect from January 1, 2001, to the present.

4.  All manuals, handbooks, policies, procedures, notices, or directives issued by the defendant, pertaining to recruitment, selection and hiring, promotions, transfers, position requirements, job posting, and job assignment in effect from January 1, 2001, to the present.

5.  All manuals, handbooks, notices, or directives issued by the defendant pertaining to supervisory responsibilities in effect from January 1, 2001, to the

7

present.

6.   All manuals, handbooks, notices, or directives issued by the defendant pertaining to the maintenance of a safe, nondiscriminatory and nonhostile work environment in effect from January 1, 2001, to the present.

7.   Any and all documents pertaining to job descriptions or job qualifications for the Director Market Development position in effect from January 1, 2001, to the present, including any job description for any position identified in response to Interrogatory Number 3 and/or 5.

8.   Any and all complaints, reports, grievances, notes, memos, files, etc. regarding complaints of sex discrimination and/or violations of the Equal Pay Act by the plaintiff or any other employee from January 1, 2001, to the present.

9.   Any and all EEOC charges of discrimination which allege sex discrimination and/or violations of the Equal Pay Act which have been filed against the defendant.

10.  Any and all notes, memos, files regarding any complaints of sex discrimination or unequal pay by the plaintiff.

11.  Any and all documents relating to the insurance policy of the defendant.

12.  Any and all witness statements and/or affidavits taken by the defendant regarding the plaintiff's claims against the defendant.

8

13.   All documents identifying the nature of the defendant's operations, the physical locations, and the corporate organizational structure of the defendant, including the owners, shareholders, directors, and all others who have any responsibility for the development of policy.

14.   All organizational charts, personnel charts, descriptions, lists, tables, flow charts or other similar documents in the possession of the defendant that show the identities, titles or responsibilities of each person responsible in any manner for personnel, recruitment, hiring, selection, training, promoting and/or disciplining employees.

15.   Any and all documents sent to the EEOC by the defendant in response to the plaintiff's EEOC charge.

16.   Any and all payroll records or other records which reflect the amount of any and all compensation paid to any and all employees in any of the positions identified in response to Interrogatory Number 3 and/or 5, including all wages, commission and/or bonuses of any type, from January 1, 2001, to the present.

17.   Any and all documents which the defendant contends supports the defendant's Seventh affirmative defense ("[a]ny disparity in pay between plaintiff and other male employees was based on a factor other than gender or sex.").

18.   Any and all documents which the defendant contends supports the defenses

9

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2007, a true copy of the foregoing has been served via United States Mail, postage prepaid and properly addressed to:

John W. Sheffield, Esq.
Lynlee Wells Palmer, Esq.
JOHNSTON BARTON
PROCTOR & ROSE LLP
Colonial Brookwood Center
569 Brookwood Village, Suite 901
Birmingham, Alabama 35209

Of Counsel

11

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| TINA McMANAMA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    CIVIL ACTION NO. |
| | )    2:07-CV-479-ID |
| | ) |
| GANNETT CO., INC., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT GANNETT CO., INC.'S RESPONSE TO
## PLAINTIFF'S FIRST INTERROGATORIES

Defendant Gannett Co., Inc. ("Gannett") responds to plaintiff's interrogatories as follows:

*1.    Please provide the work history of the plaintiff while she was employed with the defendant.  In responding to this interrogatory, please provide the date of hire, date(s), title(s) and a brief description of all job titles held and the location, any disciplinary action taken against the plaintiff and the reason(s) for such disciplinary action, the name(s) of any supervisor(s) involved in such discipline.*

**RESPONSE**

Gannett objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, and pursuant to Fed. R. Civ. P. 33(d), Gannett refers the plaintiff to her personnel file, identified as Bates # 00001-#00325-e, which contains documents and information responsive to this interrogatory.

2.      *Please provide a detailed listing of any performance problems alleged against the plaintiff while employed with the defendant including the date(s) of any verbal and/or written warning(s), the reason(s) for any such warning(s), the identity of the person(s) issuing the warning(s) and their gender, any counseling the plaintiff might have received regarding said warning(s).*

**RESPONSE**

Gannett objects to this interrogatory on the grounds that it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, and pursuant to Fed. R. Civ. P. 33(d), Gannett refers the plaintiff to her personnel file, identified as Bates #

2

#00001 - #000325-e, which contains documents and information responsive to this interrogatory.

3.    *Please identify those positions which the defendant contends are comparable to the Director, Market Development position with the Montgomery Advertiser held by the plaintiff in that those positions required "equal skill, effort and responsibility and are performed under similar working conditions."*

**RESPONSE**

Gannett objects to this request on the grounds that it is overly broad, vague and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.   Subject to and without waiving these objections, Gannett states that there are no other jobs with the Montgomery Advertiser that are comparable to the position of Director, Market Development.

4.    *Please provide the name, sex, date of hire, position title and compensation for any individual who held any of the positions identified in response to Interrogatory 3.*

**RESPONSE**

Gannett objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gannett further objects to this interrogatory on the grounds that it is unlimited in time.   Additionally,

3

Gannett objects to this interrogatory on the grounds that it seeks information that is private and confidential to third parties and as to which those individuals have a reasonable and legitimate expectation of privacy.

Subject to and without waiving these objections, Gannett states that the following individuals held the position of Director, Market Development at the Montgomery Advertiser between September 14, 2000 and December 29, 2006.:

Donald Halleck

Tina McManama

5.      *Please identify all those positions which perform any portion of the job duties of the Director, Market Development position at any of the defendant's publications in the Southeastern United States (Alabama, Florida, Georgia, Mississippi and Tennessee) regardless of whether or not the defendant identified those positions in response to Interrogatory 3.*

**RESPONSE**

Gannett objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Gannett further objects to this interrogatory on the grounds that it is overly broad in geographic and temporal scope.  Additionally, Gannett objects to this interrogatory to the extent

4

that it seeks information that is private and confidential to third parties and in which those individuals have a reasonable and legitimate expectation of privacy.

Subject to and without waiving these objections, Gannett states that the Director of Market Development was the only individual at the Montgomery Advertiser who performed directorial duties during the plaintiff's employment. The position of Director of Market Development no longer exists at the Montgomery Advertiser, but certain employees perform various functions that previously were associated with that position, including Renee Durham (date of hire 10-16-1994) and Julie Joyner (date of hire 12-2-1998). Neither of these employees is employed in a position of Director.

6.    *Please provide the name, sex, date of hire, position title and compensation for any individual who held any of the positions identified in response to Interrogatory 5.*

**RESPONSE**

Gannett objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gannett further objects to this interrogatory on the grounds that it is overly broad in geographic and temporal scope, and on the grounds that it seeks information that is private and confidential to third-parties who have a reasonable expectation of privacy.

5

Subject to and without waiving these objections, Gannett refers to its response to Interrogatory 5.

7.      *Please provide the name, sex, date of hire, position and compensation of the individual(s) who performed the job duties, or some portion of the job duties, of the plaintiff and the individual(s) who took over the job duties, or some portion of the job duties, of the plaintiff after she left the defendant's employment.*

**RESPONSE**

Gannett objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, vague and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gannett further objects to this interrogatory on the grounds that it is overly broad in geographic and temporal scope. Additionally, Gannett objects to this interrogatory to the extent that it seeks information that is private and confidential to third parties and about which such individuals have a reasonable and legitimate expectation of privacy.

Subject to and without waiving these objections, Gannett states that the plaintiff performed her own job duties during her employment. Following her voluntary resignation, Gannett eliminated the position of Director, Market Development at the Montgomery Advertiser. Some of the job duties formerly performed by the plaintiff at the Montgomery Advertiser are now performed by

Renee Durham (date of hire 10-16-1994) and Julie Joyner (date of hire 12-2-1998). Neither of these employees is employed in a position of Director.

8.    *Please provide the work history of all persons identified in Interrogatories Number 4, 6 and/or 7 above. In responding to this interrogatory, please provide dates of hire, date(s), position(s) and compensation, a brief description of all job titles held including location(s), any disciplinary action taken against the individual(s) and the reason(s) for such disciplinary action, the name(s) of any supervisor(s) involved in such discipline, up to and including the date(s) and reason(s) the defendant terminated the individual(s)'s employment and, the name(s) and position(s) of any decision-makers regarding the individual's termination, if any.*

**RESPONSE**

Gannett objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gannett further objects to this interrogatory on the grounds that it is overly broad in geographic and temporal scope. Gannett also objects to this interrogatory to the extent that it seeks information that is private and confidential to third-parties and as to which those individuals have a reasonable and legitimate expectation of privacy.

7

*9.      Please provide a detailed listing of any performance problems alleged against the individual(s) identified in Interrogatory Number 4, 6 and/or 7, including the date(s) of any verbal and/or written warning(s), the reason(s) for any such warning(s), the identify of the person(s) issuing the warning(s) and their gender, and any counseling the individual(s) might have received regarding said warning(s).*

**RESPONSE**

Gannett objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gannet further objects to this interrogatory on the grounds that it is overly broad in temporal scope. Gannett also objects to this interrogatory to the extent that it seeks information that is private and confidential to third-parties and as to which those individuals have a reasonable and legitimate expectation of privacy.

*10.      Please provide a listing of all current and former employees from January 1, 2001, to the present, including the name(s), date(s) of hire, position(s) held and location, and (including all salary information), date(s) of separation and the reason(s) for separation of each current and former employee.*

8

**RESPONSE**

Gannett objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gannett further objects to this interrogatory on the grounds that it is overly broad in geographic and temporal scope. Gannett also objects to this interrogatory to the extent that it seeks information that is private and confidential to third-parties and as to which those individuals have a reasonable and legitimate expectation of privacy.

*11.    Please list all internal complaints, lawsuits, and EEOC charges regarding allegations of sex discrimination and/or violations of the Equal Pay Act brought to the defendant's attention.*

**RESPONSE**

Gannett objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gannett further objects to this interrogatory on the grounds that it is overly broad in geographic and temporal scope.

Subject to and without waiving these objections, Gannett states that, within the past five (5) years, the Montgomery Advertiser has received one EEOC charge

alleging sex discrimination. That charge was filed by former employee Patricia Campbell.

12.    *Please provide a list of all witnesses (and potential witnesses) whom the defendant has contacted, whether in writing or orally, regarding the plaintiff's claims, including date of such contact and/or conversation, the name of the individual making such contact, and whether a written statement was taken during or subsequent to such contact.*

**RESPONSE**

Gannett objects to this interrogatory on the grounds that it is overly broad and seeks information that is protected by the attorney-client privilege or work product doctrine, or the mental impressions of Gannett's attorneys.

Subject to and without waiving these objections, Gannett states that it has, through counsel, contacted Donald Halleck, Robert Oliver, Scott Brown and Linda Browder. None of these witnesses prepared or signed a written statement as a result of that contact.

13.    *Please provide, in detail, the substance of any complaints and the results of any investigations of sex discrimination from any employee employed with the defendant. In responding, include the names of the complainant and accused, dates of complaint and investigation, name of individual who conducted investigation, name of all witnesses interviewed, and outcome of investigation.*

10

**RESPONSE**

Gannett objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gannett further objects to this interrogatory to the extent that it seeks information that is private and confidential to third parties and in which those individuals have a reasonable and legitimate expectation of privacy.

Subject to and without waiving these objections, Gannett states that the Montgomery Advertiser has received one EEOC charge (other than the plaintiff's) in the past five (5) years. That charge was filed by Patricia Campbell and was dismissed by the EEOC with a no cause finding. Ms Campbell subsequently filed a lawsuit which was dismissed through summary judgment.

*14.    Do you contend that the plaintiff did not complain about sex discrimination?    If the plaintiff did complain, please provide, in detail, the substance of any complaints and the results of any investigations of sex discrimination,  In responding, include the names of the complainant and accused, dated of complaint and investigation, name of individual who conducted investigation, name of all witnesses interviewed, and outcome of investigation.*

11

**RESPONSE**

Gannett objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gannett further objects to this interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, the work product doctrine, or information reflecting the mental impressions of Gannett's attorneys.

Subject to and without waiving these objections, Gannett states that the plaintiff did not complain of gender discrimination during her employment with Gannett.

15.    *Please state, in detail, the defendant's policies and procedures with regards to sexual discrimination, compensation, hiring, and promotion.*

**RESPONSE**

Gannett objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gannett further objects to this interrogatory on the grounds that it is overly broad in temporal scope. Gannett objects to this interrogatory to the extent that it seeks information regarding hiring and promotion, which are not claims that the plaintiff has asserted in the instant action.

Subject to and without waiving these objections, and pursuant to Fed. R. Civ. P. 33(d), Gannett produces herewith its equal employment opportunity policies, identified as Bates #00508 - #00509; the Montgomery Advertiser Employee Handbook, identified as Bates #00326 - #00344; Gannett's compensation policies, identified as Bates #00510 - #00517; Gannett's policies regarding employee performance evaluations and MBOs, identified as Bates #00518 - #00520.

16. *Please state, in detail, all facts and circumstances which the defendant contends supports the defendant's Seventh Affirmative Defense ("[a]ny disparity in pay between plaintiff and other male employees was based on a factor other than gender or sex.").*

**RESPONSE**

Gannett objects to this interrogatory on the grounds that it seeks information that it protected by the attorney-client privilege or work product doctrine or information that reveals the mental impressions of Gannett's attorneys. Gannett further objects to this interrogatory on the grounds that it is unduly burdensome. See Chudasama v. Mazda Motor Corporation, 123 F.3d 1353, 1358, 1358 n.6 (11th Cir. 1997) (characterizing as "boundless" and "excessively broad" discovery requests that required party to "identify every document, every tangible thing, and every item of real or demonstrative evidence that is relevant to the subject matter

of this action"); <u>IBP v. Mercantile Bank of Topeka</u>, 179 F.R.D. 316, 321 (D. Kan. 1998) (interrogatory asking for every fact and application of law to fact supporting claim held burdensome).

17.    *Please state, in detail, all facts and circumstances which the defendant contends supports the defenses asserted in the defendant's answer or that relate to any claims asserted by the defendant.*

**<u>RESPONSE</u>**

Gannett objects to this interrogatory on the grounds that it seeks information that it protected by the attorney-client privilege or work product doctrine or information that reveals the mental impressions of Gannett's attorneys.    Gannett further objects to this interrogatory on the grounds that it is unduly burdensome. See <u>Chudasama v. Mazda Motor Corporation</u>, 123 F.3d 1353, 1358, 1358 n.6 (11th Cir. 1997) (characterizing as "boundless" and "excessively broad" discovery requests that required party to "identify every document, every tangible thing, and every item of real or demonstrative evidence that is relevant to the subject matter of this action"); <u>IBP v. Mercantile Bank of Topeka</u>, 179 F.R.D. 316, 321 (D. Kan. 1998) (interrogatory asking for every fact and application of law to fact supporting claim held burdensome).

# VERIFICATION

**STATE OF** _____ )
**COUNTY OF** _____ )

    The undersigned, _____, being first duly sworn upon his/her oath deposes and says that he/she is authorized by Gannett Co., Inc. ("Gannett"), to make this verification on its behalf, that he/she has read the foregoing Defendant Gannett Co., Inc.'s Response to the Plaintiff's First Interrogatories ("Responses") and knows the contents thereof; that there is no single person employed by or otherwise connected with Gannett who has personal knowledge of all the facts and information requested herein; that the Responses are based on and, therefore, necessarily limited by the records and information still in existence, presently recollected and thus far discovered in the course of the preparation of these Responses; that the Responses are thus based upon corporate knowledge and that subject to the limitations set forth above, the Responses are true to the best of his/her knowledge, information and belief.

                        By: _____

                        Its: _____

    Sworn to and subscribed before me this _____ day of March 2008.

                        Notary Public: _____

                        My Commission expires: _____

_Lynlee Wells Palmer_

Lynlee Wells Palmer (ASB-4367-T82P)
One of the Attorneys for Defendant
Gannett Co., Inc.

**OF COUNSEL:**

**JOHNSTON BARTON
PROCTOR & ROSE LLP**
Colonial Brookwood Center
569 Brookwood Village, Suite 901
Birmingham, Alabama 35209
Telephone:  (205) 458-9400
Facsimile: (205) 458-9500

16

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Defendant Gannett Co., Inc.'s Response to Plaintiff's First Interrogatories has been served on the following by placing a copy of the same in the U.S. Mail postage prepaid this the 31st day of March 2008:

C. Michael Quinn, Esq.
H. Wallace Blizzard, Esq.
Wiggins Childs, Quinn & Pantazis, LLC
The Kress Building
301 Nineteenth Street North
Birmingham, Alabama 35203

Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TINA McMANAMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 2:07-CV-479-ID |
| | ) | |
| GANNETT CO., INC., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT GANNETT CO., INC.'S RESPONSE TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION

Defendant Gannett Co., Inc. ("Gannett") responds to plaintiff's first requests for production as follows:

## GENERAL OBJECTIONS

1.    Gannett objects to the discovery requests to the extent that they seek documents or information protected by the attorney-client privilege or the work product doctrine, the mental impressions of Gannett's attorneys, and/or documents prepared in anticipation of litigation or trial.  All responses herein are subject to these objections irrespective of whether they are restated or referenced in any particular response.

2.    Gannett objects to the plaintiff's definitions to the extent that they purport to impose obligations on Gannett exceeding the scope of permissible

discovery under the Federal Rules of Civil Procedure and to the extent that the definitions are overly broad and unduly burdensome.

3.    Gannett objects to the discovery requests on the grounds that, when including subparts, they exceed the maximum number of requests for production permitted by the Court's Scheduling Order.

## REQUESTS FOR PRODUCTION

*1.    The complete personnel file of the plaintiff including any secondary personnel files, suspense files, employee files, evaluation files, or any other files containing such personnel information, including all documents which reflect any and all compensation paid to the plaintiff during her employment with the defendant.*

## RESPONSE

Gannett objects to this request on the grounds that it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gannett further objects to this request to the extent that it seeks documents or information protected by the attorney-client privilege or work product doctrine.

Subject to and without waiving these objections, Gannett produces herewith the following documents: Gannett's personnel file pertaining to the plaintiff, identified

as Bates #00001 - #00325-e; and payment records pertaining to the plaintiff, identified as Bates #00521.

2.    *The complete personnel file of each and every individual identified in response to Interrogatories Number 4, 6 and/or 7, including all documents which reflect any and all compensation paid to these individual(s).*

**RESPONSE**

Gannett objects to this request on the grounds that it is vague, overly broad, unduly burdensome and seeks documents or information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gannett further objects to this request to the extent that it seeks documents or information covered by the attorney-client privilege, the mental impressions of Gannett's attorneys, or documents prepared in anticipation of litigation. Gannett also objects to this request on the grounds that it is overly broad in temporal scope. Additionally, Gannett objects to this request to the extent that it seeks sensitive personal, financial and other information pertaining to individuals who have a legitimate expectation of privacy with respect to the information sought or documents reflecting the information sought.

3.    *All manuals, handbooks, policies, procedures, notices or directives issued by the defendant pertaining to any form of employee compensation, fringe*

*benefits, bonus pay, merit raises, and incentives in effect from January 1, 2001, to the present.*

**RESPONSE**

Gannett objects to this request on the grounds that it is overly broad, unduly burdensome and seeks documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving this objection, Gannett produces herewith a copy of The Montgomery Advertiser Employee Handbook, identified as Bates #00326 - #00344; Gannett policies pertaining to compensation, identified as Bates #00510 - #00517; and Gannett policies pertaining to performance appraisals and MBOs, identified as Bates #00518 - #00520.

*4. All manuals, handbooks, policies, procedures, notices, or directives issued by the defendant, pertaining to recruitment, selection and hiring, promotions, transfers, position requirements, job posting, and job assignment in effect from January 1, 2001, to the present.*

**RESPONSE**

Gannett objects to this request on the grounds that it is vague, overly broad, unduly burdensome and seeks documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gannett

4

further objects to this request on the grounds that it is overly broad in geographic and temporal scope.

*5. All manuals, handbooks, notices, or directives used by the defendant pertaining to supervisory responsibilities in effect from January 1, 2001, to the present.*

## RESPONSE

Gannett objects to this request on the grounds that it is vague, overly broad, unduly burdensome and seeks documents or information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gannett further objects to this request on the grounds that it is overly broad in temporal scope.

Subject to and without waiving this objection, Gannett produces herewith the Montgomery Advertiser Employee Handbook, identified as Bates #00001 - #000325-e; and Gannett policies pertaining to equal employment opportunity, identified as Bates #00508-#00509.

*6. All manuals, handbooks, notices, or directives issued by the defendant pertaining to the maintenance of a safe, nondiscriminatory and nonhostile work environment in effect from January 1, 2001, to the present.*

**RESPONSE**

Gannett objects to this request on the grounds that it is vague, overly broad, unduly burdensome and seeks documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gannett further objects to this request on the grounds that it is overly broad in temporal scope.

Subject to and without waiving these objections, Gannett produces herewith the Montgomery Advertiser Employee Handbook, identified as Bates #00326 - #00344; and additional relevant Gannett policies, identified as Bates #00508 - #00509.

7.    *Any and all documents pertaining to job descriptions or job qualifications for the Director of Market Development position in effect from January 1, 2001, to the present, including any job description for any position identified in response to Interrogatory Number 3 and/or 5.*

**RESPONSE**

Gannett objects to this request on the grounds that it is overly broad, unduly burdensome and seeks documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gannett further objects to this request on the grounds that it is overly broad in geographic and temporal scope.

Subject to and without waiving these objections, Gannett produces herewith a job description for the position of Director of Market Development, identified as Bates #00522; and the plaintiff's personnel file, identified as Bates #00001 - #00325-e, containing her performance evaluations, which contain information about her duties and responsibilities in the position of Director of Market Development.

8.    *Any and all complaints, reports, grievances, notes, memos, files, etc. regarding complaints of sex discrimination and/or violations of the Equal Pay Act by the plaintiff or any other employee from January 1, 2001, to the present.*

**RESPONSE**

Gannett objects to this request on the grounds that it is overly broad, unduly burdensome and seeks documents or information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gannett further objects to this request on the grounds that it is overly broad in geographic and temporal scope. Gannett also objects to this request to the extent that it seeks documents containing confidential, sensitive, personal and other information relating to a non-party individual and as to which that individual has a legitimate expectation of privacy. Additionally, Gannett objects to this request to the extent that it seeks documents or information protected by the attorney-client privilege or work

product doctrine, documents prepared in anticipation of litigation, or the mental impressions of Gannett's attorneys.

Subject to and without waiving these objections, Gannett states that it is not aware of any other complaints of gender-based pay discrimination at the Montgomery Advertiser. Gannett produces herewith an EEOC charge filed by Patricia Campbell, which included an allegation of gender discrimination, identified as Bates #00523 - #00524. Gannett also produces herewith Ms. Campbell's Complaint, identified as Bates #00525 - #00539.

9. *Any and all EEOC charges of discrimination which allege sex discrimination and/or violations of the Equal Pay Act which have been filed against the defendant.*

**RESPONSE**

Gannett objects to this request on the grounds that it is overly broad, unduly burdensome and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gannett also objects to this request on the grounds that it is overly broad in geographic and temporal scope. Gannett further objects to this request on the grounds that it seeks documents containing confidential, sensitive, personal and other information relating to a non-party individual and as to which that individual has a legitimate expectation of privacy. Additionally, Gannett objects to this request to the extent

8

that it seeks documents or information protected by the attorney-client privilege or work product doctrine, documents prepared in anticipation of litigation, or the mental impressions of Gannett's attorneys.

Subject to and without waiving these objections, Gannett produces herewith the EEOC charge filed by Patricia Campbell, identified as Bates #00523 - #00524. The Montgomery Advertiser has had no other EEOC charges alleging sex discrimination within the past five (5) years.

10. *Any and all notes, memos, files regarding any complaints of sex discrimination or unequal pay by the plaintiff.*

**RESPONSE**

Gannett objects to this request on the grounds that it is overly broad and seeks documents or information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gannett further objects to this request to the extent that it seeks documents or information that are protected by the attorney-client privilege or work product doctrine, documents prepared in anticipation of litigation or the mental impressions of Gannett's attorneys.

Subject to and without waiving these objections, Gannett states that there are no responsive documents that are non-privileged or non-protected, as the plaintiff's first complaint of discrimination arose in the context of her EEOC charge.

*11.    Any and all documents relating to the insurance policy of the defendant.*

**RESPONSE**

Gannett objects to this request on the grounds that it is vague, overly broad, unduly burdensome and seeks documents or information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Gannett further objects to this request to the extent that it seeks documents or information covered by the attorney-client privilege, the mental impressions of Gannett's attorneys, or documents prepared in anticipation of litigation.  Gannett also objects to this request on the grounds that it is overly broad in geographic and temporal scope.

Subject to and without waiving these objections, Gannett states that it does not have an insurance policy that covers the plaintiff's claims.

*12.    Any and all witness statements and/or affidavits taken by the defendant regarding the plaintiff's claims against the defendant.*

**RESPONSE**

Gannett objects to this request on the grounds that it is overly broad, unduly burdensome and seeks documents or information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Gannett further objects to this request to the extent that it seeks documents or information

protected by the attorney-client privilege or work product doctrine, documents prepared in anticipation of litigation, or documents reflecting the mental impressions of Gannett's attorneys.

13.    *All documents identifying the nature of the defendant's operations, the physical locations, and the corporate organization structure of the defendant, including the owners, shareholders, directors, and all others who have any responsibility for the development of policy.*

**RESPONSE**

Gannett objects to this request on the grounds that it is vague, overly broad, unduly burdensome and seeks documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gannett further objects to this request on the grounds that it is overly broad in geographic and temporal scope.

14.    *All organizational charts, personnel charts, descriptions, lists, tables, flow charts or other similar documents in the possession of the defendant that show the identities, titles or responsibilities of each person responsible in any manner for personnel, recruitment, hiring, selection, training, promoting and/or disciplining employees.*

11

**RESPONSE**

Gannett objects to this request on the grounds that it is overly broad, unduly burdensome and seeks documents or information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gannett further objects to this request on the grounds that it is overly broad in geographic and temporal scope.

15.    *Any and all documents sent to the EEOC by the defendant in response to the plaintiff's EEOC charge.*

**RESPONSE**

Portions of the requested documents are produced herewith, identified as Bates #00345 - #00474 and 00502-00507. The balance of the documents produced to the EEOC, identified as Bates # 00475-00501, will be produced upon the entry of a mutually agreeable protective order.

16.    *Any and all payroll records or other records which reflect the amount of any and all compensation paid to any and all employees in any of the positions identified in response to Interrogatory Number 3 and/or 5, including all wages, commissions and/or bonuses of any type, from January 1, 2001, to the present.*

**RESPONSE**

Gannett objects to this request on the grounds that it is overly broad, unduly burdensome and seeks documents or information that are neither relevant nor

12

reasonably calculated to lead to the discovery of admissible evidence. Gannett further objects to this request on the grounds that it seeks information that is private and confidential to third parties and as to which those individuals have a reasonable expectation of privacy.

17.    *Any and all documents which the defendant contends supports the defendant's Seventh Affirmative Defense ("[a]ny disparity in pay between plaintiff and other male employees was based on a factor other than gender or sex.").*

**RESPONSE**

Gannett objects to this request to the extent that it seeks documents or information protected by the attorney-client privilege or work product doctrine, documents prepared in anticipation of litigation, or the mental impressions of Gannett's attorneys. Gannett further objects to this request on the grounds that it is unduly burdensome and to the extent that it exceeds the number of requests permitted by the Court's scheduling order.

Subject to and without waiving these objections, Gannett produces herewith the following documents: Gannett's equal employment opportunity policies, identified as Bates #00508 - #00509; Gannett's compensation policies, identified as Bates #00510 - #00517; plaintiff's personnel file, identified as Bates #00001 - #00325-e. Gannett will produce additional documents responsive to this request upon the entry of a mutually agreeable protective order.

13

18.   Any and all documents which the defendant contends supports the defenses asserted in the defendant's answer or that relate to any claims asserted by the defendant.

**RESPONSE**

Gannett further objects to this request to the extent that it seeks documents or information covered by the attorney-client privilege, the mental impressions of Gannett's attorneys, or documents prepared in anticipation of litigation. Gannett further objects to this request on the grounds that it is unduly burdensome and exceeds the number of requests permitted by the Court's scheduling order.

19.   Any and all documents which the defendant intends to introduce into evidence at the trial of this case or may be used to refresh the recollection of witnesses at depositions or trial.

**RESPONSE**

Gannett objects to this request to the extent that it seeks documents or information covered by the attorney-client privilege, the mental impressions of Gannett's attorneys, or documents prepared in anticipation of litigation. Gannett further objects to this request on the grounds that it is unduly burdensome and exceeds the number of requests permitted by the Court's scheduling order.

20.   Any and all documents utilized or referred to in answering these interrogatories.

14

**RESPONSE**

Gannett further objects to this request to the extent that it seeks documents or information covered by the attorney-client privilege, the mental impressions of Gannett's attorneys, or documents prepared in anticipation of litigation. Gannett further objects to this request on the grounds that it is overly broad, unduly burdensome and exceeds the number of requests permitted by the Court's scheduling order.

Lynlee Wells Palmer (ASB-4367-T82P)
One of the Attorneys for Defendant
Gannett Co., Inc.

**OF COUNSEL:**

**JOHNSTON BARTON**
**PROCTOR & ROSE LLP**
Colonial Brookwood Center
569 Brookwood Village, Suite 901
Birmingham, Alabama 35209
Telephone: (205) 458-9400
Facsimile: (205) 458-9500

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Defendant Gannett Co., Inc.'s Response to Plaintiff's First Request for Production has been served on the following by placing a copy of the same in the U.S. Mail postage prepaid this the 31st day of March 2008:

C. Michael Quinn, Esq.
H. Wallace Blizzard, Esq.
Wiggins Childs, Quinn & Pantazis, LLC
The Kress Building
301 Nineteenth Street North
Birmingham, Alabama  35203

Of Counsel

LAW OFFICES

# WIGGINS, CHILDS, QUINN & PANTAZIS

### A LIMITED LIABILITY COMPANY

ROBERT L. WIGGINS, JR.
ROBERT F. CHILDS, JR.
C. MICHAEL QUINN
DENNIS G. PANTAZIS
TERRILL W. SANDERS
RICHARD J. EBBINGHOUSE
ANN K. WIGGINS
SAMUEL FISHER
ANN C. ROBERTSON
JOSEPH H. CALVIN, III
DEBORAH A. MATTISON
TIMOTHY B. FLEMING*
JON C. GOLDFARB
GREGORY O. WIGGINS
ROCCO CALAMUSA, JR.
BRIAN M. CLARK
RUSSELL W. ADAMS
CRAIG L. LOWELL
EDWARD McF. JOHNSON

LOUIS SILBERMAN 1889-1976

WILBUR G. SILBERMAN 1919-2003

THE KRESS BUILDING
THREE HUNDRED ONE - NINETEENTH STREET NORTH
BIRMINGHAM, ALABAMA 35203
205-314-0500
205-254-1500 (FAX)

*LORI B. KISCH
*ERIC BACHMAN
HERMAN N. JOHNSON, JR.
TEMPLE D. TRUEBLOOD
H. WALLACE BLIZZARD
KEVIN W. JENT
JENNIFER WIGGINS SMITH
SUSAN DONAHUE
JOSHUA D. WILSON
*KEIR BICKERSTAFFE
TONI BRAXTON
ETHAN R. DETTLING
JAMES V. DOYLE, JR.
RACHEL LEE McGINLEY
JACOB A. KISER
DANIEL E. ARCINIEGAS

CANDIS A. McGOWAN
OF COUNSEL
*Not Licensed in Alabama

April 24, 2008

**VIA E-MAIL AND U.S. MAIL**
John W. Sheffield, Esq.
Lynlee Wells Palmer, Esq.
JOHNSTON BARTON
PROCTOR & ROSE LLP
Colonial Brookwood Center
569 Brookwood Village, Suite 901
Birmingham, Alabama 35209

Re:     ***Tina McManama v. Gannett Co., Inc.***
        **Case No. 2:07-CV-0479-ID**

Dear Counsel:

I am in receipt of the defendant's responses to the plaintiff's interrogatories and request for production in the above-styled case. I am writing because the defendant has provided responses which are clearly inadequate. I hope that the defendant will agree to provide all the discoverable information and documents to which the plaintiff is entitled without involving the Court. The following is by no means an exhaustive list of the plaintiff's complaints regarding defendant's answers, but only points out the most obvious examples of overly broad or unsupported objections as well as those instances where defendant simply failed to provide responsive answers and/or documents in response to plaintiffs' interrogatories and request for production.

The defendant objects to any number of interrogatories claiming that the interrogatory seeks "information that is private and confidential to third parties and as to which those individuals have a reasonable and legitimate expectation of privacy." The plaintiff will agree to an appropriate protective order which should resolve this objection. If you have a draft you would like to use, please forward it to me via email so we can get it in place. If you prefer that I draft one, I am happy to do so. Therefore the

LAW OFFICES

# WIGGINS, CHILDS, QUINN & PANTAZIS

### A LIMITED LIABILITY COMPANY

Page 2
April 24, 2008

defendant should supplement its responses and provide the requested information.

A number of the responses include objections on the basis of attorney-client privilege or work product. To the extent that the defendant intends to object to the production of documents or information, please provide a privilege log.

In addition, the defendant objects that a number of interrogatories and requests are overly broad in temporal scope. However, in most instances, the defendant has not indicated how the temporal scope of an interrogatory or request reasonably impacts its ability to answer or provide documents. The plaintiff is amendable to narrowing any of the interrogatories or requests to include the year before Ms. McManama was promoted to her Director position.

Finally, the defendant objects that a number of interrogatories or requests are overly broad in geographic scope. Likewise, the plaintiff is amenable to narrowing the geographic scope (and has attempted to do so in most instances) as long as there is some rational basis for narrowing the scope of discovery from the entire company to a region or division. However, the defendant has not articulated any rationale which would explain its failure to respond at all. In essence, the defendant seems to believe that discovery should be limited to the single position in Montgomery. The plaintiff is clearly entitled to discovery beyond the single position at the Montgomery Advertiser since *Ms. McManama worked for Gannett Co., Inc. and not the Montgomery Advertiser*. The plaintiff is therefore entitled to discover information and documents about the defendant as a whole and the burden is on the defendant to articulate some rational basis for narrowing that discovery.

## Defendant's Responses to Plaintiffs' Interrogatories

The defendant objects to Interrogatory Number 3 on the basis that it is "overly broad, vague and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." The defendant merely responds that "there are no other jobs with the Montgomery Advertiser that are comparable to the position of Director, Market Development." Clearly this response evades the point of the interrogatory. Ms. McManama was an employee of Gannett Co., Inc. and not the Montgomery Advertiser. Therefore, the defendant should identify those positions within the company which are comparable positions as defined in the interrogatory. The plaintiff is simply asking the defendant to identify which positions would be considered a lateral move within the company. Please provide an answer to this interrogatory.

The defendant objects to Interrogatory Number 4 on the basis that it is "overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery

LAW OFFICES

# WIGGINS, CHILDS, QUINN & PANTAZIS

### A LIMITED LIABILITY COMPANY

Page 3
April 24, 2008

of admissible evidence." Like the response to Interrogatory Number 3, this response ignores the fact that Ms. McManama worked for Gannett Co., Inc. and not the Montgomery Advertiser. Please provide an appropriate answer to this interrogatory.

The defendant objects to Interrogatory Number 5, 6, 7, 8, 9, 10, and 11 on the basis that these interrogatories are "overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." The defendant further objects that these interrogatories are "overly broad in geographic and temporal scope." Again, the defendant ignores the fact that Ms. McManama worked for Gannett Co., Inc. and not the Montgomery Advertiser. The plaintiff has clearly tailored this geographically to avoid being overly broad. If the defendant operates its business on the basis of geographic divisions or based on the size of the newspapers, the plaintiff is amenable to discussing ways to narrow this interrogatory as long as the information provided is based on the manner in which the defendant operates its business, including its policy for determining salaries for various positions. However, the defendant has not indicated that this is the case. Therefore, please provide an appropriate answer to these interrogatories.

The defendant objects to Interrogatory Number 16 and 17 on the basis that these interrogatories are "unduly burdensome" and seek "information that is protected by the attorney-client privilege or work product doctrine or information that reveals the mental impressions of Gannett's attorney's." The defendant has simply refused to answer this interrogatory. Even if the interrogatory were unduly burdensome as written, the defendant has an obligation to provide information to the extent gathering information does not constitute an undue burden. Please provide an appropriate response to these interrogatories.

## Defendant's Responses to Plaintiff's Request for Production

The defendant objects to Request Number 1 on the basis that it is "overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." The defendant then indicates that it will provide "Gannett's personnel file pertaining to" Ms. McManama as well as her "payment records." The defendant does not indicate what other records exist therefore it is impossible to determine whether or not the objection is valid. Please provide a more definite statement of what other documents exist which are responsive to this request.

The defendant objects to Request Number 2 on the basis that it is ""vague, overly broad, unduly burdensome and seeks documents or information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." The defendant further objects that the request is "overly broad in temporal scope" and "seeks sensitive personal, financial and other information pertaining to individuals who have a legitimate expectation of privacy with respect to the information sought or documents reflecting

LAW OFFICES

# WIGGINS, CHILDS, QUINN & PANTAZIS

### A LIMITED LIABILITY COMPANY

Page 4
April 24, 2008

the information sought." As I noted above, the plaintiff is amenable to entering a protective order to protect the privacy interests of non-parties whose employment information is discoverable in this case.

The defendant objects to Request Number 4 on the basis that it is "vague, overly broad, unduly burdensome and seeks documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." The defendant further objects that the request is "overly broad in geographic and temporal scope." As I noted above, the plaintiff is amendable to narrowing the scope of the interrogatory geographically or in temporal scope. However, the defendant simply does not respond to the request and has not indicated that geography or temporal scope have any impact on its refusal to respond to this request. Please indicate what, if any, documents exist and, at a minimum, produce documents to the extent doing so does not constitute an undue burden.

The defendant objects to Request Number 5 on the basis that it is "vague, overly broad, unduly burdensome and seeks documents or information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." The defendant further objects that it is "overly broad in temporal scope." Please clarify the response to indicate if there are other responsive documents which the defendant did not produce.

The defendant objects to Request Number 6 on the basis that it is "vague, overly broad, unduly burdensome and seeks documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." The defendant further objects that it is "overly broad in temporal scope." Please clarify the response to indicate if there are other responsive documents which the defendant did not produce.

The defendant objects to Request Number 7 on the basis that it is "overly broad, unduly burdensome and seeks documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." The defendant further objects that it is "overly broad in geographic and temporal scope." Please clarify the response to indicate if there are other responsive documents which the defendant did not produce.

The defendant objects to Request Number 13 on the basis that it is "vague, overly broad, unduly burdensome and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." As I noted above, the plaintiff is amendable to narrowing the scope of the interrogatory geographically or in temporal scope. However, the defendant simply does not respond to the request and has not indicated that geography or temporal scope have any impact on its refusal to respond to this request. Please indicate what, if any, documents exist and produce documents to the extent doing so does not constitute an undue burden.

LAW OFFICES

# WIGGINS, CHILDS, QUINN & PANTAZIS

### A LIMITED LIABILITY COMPANY

Page 5
April 24, 2008

The defendant objects to Request Number 14 on the basis that it is "overly broad, unduly burdensome and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." The defendant further objects that it is "overly broad in geographic and temporal scope." As I noted above, the plaintiff is amendable to narrowing the scope of the interrogatory geographically or in temporal scope. However, the defendant simply does not respond to the request and has not indicated that geography or temporal scope have any impact on its refusal to respond to this request. Please indicate what, if any, documents exist and produce documents to the extent doing so does not constitute an undue burden.

The defendant objects to Request Number 16 on the basis that it is "overly broad, unduly burdensome and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." The defendant further objects that it "seeks information that is private and confidential to third parties and as to which those individuals have a reasonable expectation of privacy." Again, the defendant simply does not respond to the request. The plaintiff is amenable to narrowing the request if the defendant can articulate some business reason or rationale by which it categorizes certain jobs. Please indicate what, if any, documents exist and produce documents to the extent doing so does not constitute an undue burden.

The defendant objects to Request Numbers 17, 18, and 19 as "unduly burdensome" and "to the extent that it exceeds the number of requests permitted by the Court's scheduling order." The defendant objects to Request Numbers 20 as "overly broad, unduly burdensome and exceeds the number of requests permitted by the Court's scheduling order." As you know, the Court's Scheduling Order permits 25 requests for production, therefore this objection is without any basis and should be withdrawn.

I hope it does not become necessary to seek intervention of the Court to obtain relevant, responsive information through discovery. If the defendant is not amenable to resolving these issues, I would like to schedule a conference call with the Court so perhaps we can avoid the need for briefing, etc. I look forward to hearing from you.

Sincerely,

H. Wallace Blizzard

cc:    C. Michael Quinn, Esq.

## Wallace Blizzard

| | |
|---|---|
| **From:** | Wallace Blizzard |
| **Sent:** | Monday, May 05, 2008 2:52 PM |
| **To:** | 'jws@johnstonbarton.com'; 'Lynlee Palmer' |
| **Cc:** | Mike Quinn; Lynn Turner |
| **Subject:** | Discovery Responses and Proposed Protective Order |
| **Attachments:** | plaintiff's proposed motion to approve protective order.wpd; plaintiff's proposed protective order.wpd |

Counsel:

On April 24, 2008 I sent a letter to both of you which outlined the plaintiff's view that the defendant's discovery responses were inadequate and requested additional documentation. Since that time, I have not received a response from either of you.

One of the issues the defendant raised was the general privacy concerns of non-parties to the litigation. I requested that you prepare a draft protective order which addressed your concerns. Since I have not received a response, I have drafted a proposed protective order and joint motion for you to review. I expect that a protective order will resolve at least those objections so that we can address the remaining issues with written discovery so that the plaintiff can schedule depositions in the next month or so.

Please let me know your thoughts on the proposed order and motion as well as a time when you are available to discuss the defendant's remaining objections to the plaintiff's discovery. I look forward to hearing from you.

---

H. Wallace Blizzard
Wiggins, Childs, Quinn & Pantazis, LLC
The Kress Building
301 Nineteenth Street North
Birmingham, Alabama 35203
Phone: (205) 314-0500
Direct: (205) 314-0593
Facsimile: (205) 254-1500
hwb@wcqp.com

## Wallace Blizzard

| | |
|---|---|
| **From:** | Lynlee Wells Palmer [lwp@johnstonbarton.com] |
| **Sent:** | Wednesday, May 07, 2008 9:48 AM |
| **To:** | Wallace Blizzard; John W. Sheffield |
| **Cc:** | Mike Quinn; Lynn Turner |
| **Subject:** | RE: Discovery Responses and Proposed Protective Order |
| **Attachments:** | Lynlee Wells Palmer.vcf |

Wallace:

My apologies. I received your letter as I was headed out of town and am now playing catch-up. I will review both your letter and your proposed protective order and will be in touch.

Sincerely,

Lynlee

Lynlee Wells Palmer, Esq.
JOHNSTON BARTON PROCTOR & ROSE LLP
Colonial Brookwood Center
569 Brookwood Village
Suite 901
Birmingham, Alabama 35209
(205) 458-9494 (direct)
(205) 458-9500 (fax)
lwp@johnstonbarton.com

## Wallace Blizzard

| | |
|---|---|
| **From:** | Wallace Blizzard |
| **Sent:** | Friday, May 16, 2008 10:49 AM |
| **To:** | 'Lynlee Wells Palmer'; 'John W. Sheffield' |
| **Cc:** | Mike Quinn; Lynn Turner |

**Subject:** Discovery

Lynlee,

I am still waiting on a response from you regarding the proposed protective order I drafted. More importantly, I am waiting on a response from you about the defendant's remaining objections to our written discovery.

I am assuming that the proposed protective order will resolve the defendant's objections to our written discovery which were based on the privacy expecations of third party employees of Gannett. However, we need to discuss whether or not Gannett expects to withdraw any of their remaining objections so that we can get the discoverable information we requested. If you expect to provide additional information and documents, please let me know in writing what you expect to provide and when you can provide it. If Gannett will not withdraw its objections or provide any additional information or documents, please let me know in writing so that we can proceed with a motion to compel discovery.

H. Wallace Blizzard
Wiggins, Childs, Quinn & Pantazis, LLC
The Kress Building
301 Nineteenth Street North
Birmingham, Alabama 35203
Phone: (205) 314-0500
Direct: (205) 314-0593
Facsimile: (205) 254-1500
hwb@wcqp.com