IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TINA McMANAMA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. |
| | )   2:07-CV-479-ID |
| | ) |
| GANNETT CO., INC., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT GANNETT CO., INC.'S
## OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

Defendant Gannett Co., Inc. ("Gannett") files this opposition to the plaintiff's June 4, 2008 motion to compel. For the reasons set forth below, the plaintiff's motion is due to be denied:

1. The plaintiff filed this action on May 30, 2007, alleging a violation of the Equal Pay Act.

2. Gannett is an international news and information company that publishes 85 daily newspapers and nearly 900 non-daily publications. Additionally, the company produces Internet news and advertising sites and operates 23 U.S. television stations.

3. The plaintiff is a former Gannett, employee, having worked as Market Development Director at the Montgomery Advertiser in Montgomery, Alabama from November 2001 to December 2006.

4. The only purported comparator identified in the plaintiff's Complaint is the male employee, Don Halleck, who held the position of Market Development Director at the Montgomery Advertiser immediately prior to the plaintiff. (Complaint ¶ 7).

5. The plaintiff's discovery sought, *inter alia*, various pieces of information regarding "those positions which the defendant contends are comparable to the Director, Market Development position with the Montgomery Advertiser held by the plaintiff in that those positions required "equal skill, effort and responsibility and are performed under similar working conditions," as well as information pertaining to the individuals who held those positions. (Pl. Int. #3, 4; Pl. RFP # 7, 16). Based on the wording of the original question (Pl. Int. #3), Gannett believed that the plaintiff was seeking information pertaining to other positions "with the Montgomery Advertiser" that were "comparable to the Director, Market Development position." Gannett responded that there were no such positions. Nevertheless, Gannett provided information about the plaintiff's position and identified Don Halleck as the other individual who held the position during the time frame specified by the plaintiff. (Gannett Response to Int. #4, RFP

2

# 7). To the extent that the plaintiff seeks information regarding Mr. Halleck's salary and job history, Gannett agrees to produce such information upon the entry of a mutually agreeable protective order.

6. The plaintiff's discovery also sought information regarding other individuals who performed the position, or portions of the position, of Market Development Director at other Gannett properties. First and foremost, information pertaining to individuals who performed portions of the job duties assigned to the plaintiff are irrelevant to this action because they do not perform the same job and, thus, are not in positions of "equal skill, effort and responsibility." Second, the plaintiff seeks information pertaining to Gannett properties that differ greatly from the Montgomery Advertiser in terms of circulation and revenue and, thus, the position of Market Development Director would be very different at those properties than at the Montgomery Advertiser, preventing the positions from requiring "equal skill, effort and responsibility." See, e.g. Earley v. Champion Int'l Corp., 907 F.2d 1077, 1084-85 (11th Cir. 1990) (denying plaintiffs' nationwide discovery requests and limiting discovery to employing unit where decisions were largely made locally); Marshall v. Westinghouse Elec. Corp., 576 F.2d 588, 592 (5th Cir. 1978) (denying division-wide discovery and explaining that the natural focus is on the "source of the complained of discrimination – the employing unit or work unit."); Scales v. J.C. Bradford & Co., 425 F.2d 901, 906-

3

07 (6th Cir. 1991) (explaining that plaintiff was denied company-wide discovery because employment decisions were made locally); Furthermore, broad and unrefined intrusions into the personnel records of a large group of dissimilar and unrelated third party employees are simply not warranted. See Gehring v. Case Corp., 43 F.3d 340, 342 (7th Cir. 1994) (affirming denial of discovery of other personnel files on privacy and relevancy grounds), cert. denied, 515 U.S. 1159 (1995); Whittingham v. Amherst College, 164 F.R.D. 124, 127 (D. Mass 1995) (denying plaintiff's motion to compel personnel files when plaintiff failed to indicate what discoverable information might be contained therein).

7. Further, the plaintiff's discovery sought "a listing of all current and former employees from January 1, 2001, to the present, including the name(s), date(s) of hire, position(s) held and location, (including all salary information), date(s) of separation and the reason(s) for separation of each current and former employee." (Pl. Int. # 10). This interrogatory is clearly overbroad, seeking not only the names of all employees of Gannett nationwide, but also their job titles, salaries, and reasons for employment separation. See Earley, 907 F.2d at 1084-85. None of this information is relevant to this Equal Pay Act action based on one job classification. The plaintiff has failed to demonstrate why such information is needed, and Gannett stands by its objection thereto.

8. The plaintiff also seeks information regarding complaints of gender discrimination, including any investigation of such complaints. (Pl. Int. # 11, 13; RFP #8, 9). Some of these requests do not include a time limit, but seek information pertaining to all complaints for all of Gannett for all time. These discovery requests are overly broad and unduly burdensome. Gannett has identified other complaints of gender discrimination at the Montgomery Advertiser in the past 5 years, which Gannett believes to be a sufficient response. To uncover all internal complaints at each individual Gannett newspaper would not be a corporate-wide issue but would require inquiry of those individuals who perform human resources roles for each of Gannett's nearly 1000 newspapers and could potentially involve review of thousands of personnel files. See e.g. Sorosky v. Burroughs Corp., 826 F.2d 794, 805 (9th Cir. 1987) (plaintiff not entitled to company-wide discovery for failure to demonstrate that potential relevance of discovery outweighed burden of production); Paul v. Stewart Enters., Inc., No. 99-3441, 2000 U.S. Dist. LEXIS 12026 (E.D. La. Aug. 16, 2000) (denying motion to compel information from prior lawsuits because they occurred at "a time period too attenuated to be relevant."); Collins v. J.C. Nichols Co., 56 FEP 1713, 1714 (W.D. Mo. 1991) (request for all discrimination claims against company, without a time frame, was unduly burdensome).

9. Additionally, the plaintiff seeks "All documents identifying the nature of the defendant's operations, the physical locations, and the corporate organization structure of the defendant, including the owners, shareholders, directors, and all others who have any responsibility for the development of policy," and also organizational charts reflecting the identity of individuals responsible for personnel nationwide (Pl. RFP # 13, 14). This information has no relevance to this lawsuit. The corporate organization, locations and identity of the owners, shareholders and directors does not impact this Equal Pay Act case. Further, the identity of individuals who have responsibility for the development of unspecified "policy" is irrelevant and overly broad. A company of this size and duration has numerous policies, the development of which may be impossible to identify. Furthermore, organizational charts for Gannett reflecting the identity of individuals responsible for "personnel, recruitment, hiring, selection, training, promoting and/or disciplining employees" nationwide is an overly broad request that has no relevance to this action. See Earley, 907 F.2d at 1085 ("A vague possibility that loose and sweeping discovery" might turn up something suggesting discrimination "does not show particularized need and likely relevance that would require moving discovedry beyond the natural focus of the inquiry."). This Equal Pay Act case does not involve training or disciplining employees in any way.

Therefore, the identities of the individuals responsible for each of these categories nationwide is not probative.

      10.    In an effort to compromise this matter, Gannett agrees to produce information regarding the individuals who held the position of Market Development Director at newspapers within the same salary grade as the position of Market Development Director at the Montgomery Advertiser.  Gannett's salary grades are based, in large part, on the revenue of the individual property.  The position of Market Development Director at the Montgomery Advertiser is assigned to Grade 25.  Gannett agrees, subject to the entry of a mutually agreeable protective order, to produce documents and information pertaining to Market Development Directors within Grade 25.  This compromise would include the production of information about 9 newspapers in various geographic locations, including the Montgomery Advertiser.  A total of 16 individuals held the position of Market Development Director between 2001 and 2005 at Grade 25 newspapers.

      11.    The undersigned counsel for Gannett attempted to communicate this compromise proposal via telephone to counsel for the plaintiff on June 10, 2008, but received no response.  Thereafter, counsel for Gannett sent an e-mail to counsel for the plaintiff outlining the proposal, but has received no response.  See Exhibit A, June 10 E-mail from Lynlee Wells Palmer to H. Wallace Blizzard.

12. As described in the compromise proposal sent to the plaintiff, counsel for Gannett agrees to the plaintiff's proposed protective order with one minor change. Upon entry of said order, counsel for Gannett agrees to produce within seven (7) days information pertaining to the other individual (Don Halleck) who held the position of Market Development Director at the Montgomery Advertiser (which they currently have in their possession). The undersigned counsel for Gannett does not currently possess all documents pertaining to individuals at the other 8 Grade 25 newspapers, but will endeavor to obtain such information as quickly as possible for production to the plaintiff.

13. By agreeing to produce information regarding the individuals at Grade 25 newspapers, Gannett does not concede that these individuals are appropriate comparators or that their positions required "equal skill, effort and responsibility." Further, Gannett does not admit that salary decisions were made exclusively at a corporate level.

Because Gannett's objections were legitimate and it has offered a compromise proposal that provides the plaintiff with a sufficient basis for comparison, Gannett submits that the plaintiff's motion to compel is due to be DENIED.

s/John W. Sheffield<br>
John W. Sheffield (ASB-7423-D62J)

s/Lynlee Wells Palmer

8

                    Lynlee Wells Palmer (ASB-4367-T82P)

                    Attorneys for Gannett Co., Inc.

**OF COUNSEL:**

**JOHNSTON BARTON**
**PROCTOR & ROSE LLP**
Colonial Brookwood Center
569 Brookwood Village, Suite 901
Birmingham, Alabama 35209
Telephone:  205-458-9400
Facsimile:  205-458-9500

## CERTIFICATE OF SERVICE

     I hereby certify that on June 11, 2008, I electronically filed the foregoing Answer via the Court's CM/ECF system, which will electronically send notice to the following counsel of record:

    C. Michael Quinn, Esq.
    H. Wallace Blizzard, Esq.
    Wiggins Childs, Quinn & Pantazis, LLC
    The Kress Building
    301 Nineteenth Street North
    Birmingham, Alabama  35203

                    s/Lynlee Wells Palmer
                    Of Counsel

| | |
|---|---|
| **From:** | Lynlee Wells Palmer |
| **Sent:** | Tuesday, June 10, 2008 3:13 PM |
| **To:** | Wallace Blizzard |
| **Cc:** | John W. Sheffield |
| **Subject:** | McManama v. Gannett |
| **Attachments:** | Lynlee Wells Palmer.vcf |

Wallace:

Gannett divides its employees into salary "Grades." It is my understanding that those grades are derived in large part from the revenue of the particular newspaper. As a compromise to our discovery issues, we propose that we produce information pertaining to the Market Development Director positions within Grade 25, which is the Grade that was assigned to Ms. McManama's position at the Montgomery Advertiser. This would include eight (8) other newspapers in various parts of the country. Please let me know your thoughts on this proposal.

Additionally, the protective order looks good. My only request would be that we add a provision in paragraphs 2 and 3 requiring that the Plaintiff (in paragraph 2) and the Defendant (in paragraph 3) show a copy of the protective order to the person to whom disclosure is made.

I look forward to hearing from you. Should you have any trouble reaching me, please contact John Sheffield at jws@johnstonbarton.com or 458-9481.

Sincerely,

Lynlee

Lynlee Wells Palmer, Esq.
JOHNSTON BARTON PROCTOR & ROSE LLP
Colonial Brookwood Center
569 Brookwood Village
Suite 901
Birmingham, Alabama 35209
(205) 458-9494 (direct)
(205) 458-9500 (fax)
lwp@johnstonbarton.com

CONFIDENTIALITY: The information transmitted in this e-mail message and attachments, if any, may be attorney-client information, including privileged and confidential matter, and is intended only for the use of the individual or entity named above. Distribution to, or review by, unauthorized persons is prohibited. All personal messages express views solely of the sender, which are not to be attributed to Johnston Barton. If you have received this transmission in error, immediately notify us and permanently delete this transmission including attachments, if any.

TAX ADVICE DISCLOSURE: Any federal tax advice contained in this communication (including attachments) was not intended or written to be used, and it cannot be used, by you for the purpose of (1) avoiding any penalty that may be imposed by the Internal Revenue Service or (2) promoting, marketing or recommending to another party any transaction or matter addressed herein.