IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TINA McMANAMA, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>GANNETT CO., INC. )<br>) | Civil Action No.<br>2:07-CV-479-ID |

**JOINT MOTION TO APPROVE STIPULATED
CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

**COME NOW**, the Plaintiff, Tina McManama, and the Defendant, Gannett Co., Inc., by and through their attorneys, and jointly move this Honorable Court to approve the Stipulated Confidentiality Agreement and Protective Order attached hereto as Exhibit A.

Respectfully submitted, June 19, 2008:

/s/H. Wallace Blizzard
C. Michael Quinn
H. Wallace Blizzard
*Attorneys for Plaintiff*

OF COUNSEL:
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 Nineteenth Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0500
Facsimile: (205) 254-1500

1

/s/ Lynlee Wells Palmer
John W. Sheffield
Lynlee Wells Palmer
*Attorneys for Defendant*

OF COUNSEL:
JOHNSTON BARTON PROCTOR & ROSE LLP
Colonial Brookwood Center
569 Brookwood Village, Suite 901
Birmingham, Alabama 35209
Telephone: (205) 458-9400
Facsimile: (205) 458-9500

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TINA McMANAMA, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 2:07-CV-479-ID |
| GANNETT CO., INC. ) | |
| ) | |

**STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER**

    The Plaintiff, Tina McManama, and the Defendant, Gannett Co., Inc., by and through their attorneys, having stipulated to a confidentiality agreement and protective order (referred to as "Order"), and for the purpose to facilitate discovery by protecting documents, information, testimony, and evidence that may comprise confidential and proprietary business information, it is hereby ORDERED pursuant to Rule 26(c) of the Federal Rules of Civil Procedure as follows:

1.     This Order applies to, governs, and directs the disclosure in the course of this action for each and every document contained in the Plaintiff's documents responsive to the Defendants' Request for Production of Documents and for each and every document contained in the Defendants' documents responsive to Plaintiff's Request for Production of Documents (hereinafter "Privileged Documents"). This Order also permits the Parties to meet their discovery obligations by offering for inspection by either parties' counsel in the manner permitted by Federal Rule of Civil Procedure 33(d), regarding Privileged Documents.

2.     Disclosure shall be made by Defendants only to Plaintiff through Defendants' attorneys.

      Plaintiff's attorney shall be allowed to copy any records or information so disclosed but shall not further share them with any person unless such disclosure is reasonably calculated in good faith to aid in the preparation of this litigation. Plaintiff's attorney shall insure that any person to whom disclosure is made shall be given a copy of the Order and informed of the terms of this Order prior to such event. In that circumstance, that individual shall be bound by terms of this Order.

3. Disclosure shall be made by Plaintiff only to Defendants through Plaintiff's attorneys. Defendants' attorney shall be allowed to copy any records or information so disclosed but shall not further share them with any person unless such disclosure is reasonably calculated in good faith to aid in the preparation of this litigation. Defendants' attorneys shall insure that any person to whom disclosure is made shall be given a copy of the Order and informed of the terms of this Order prior to such event. In that circumstance, that individual shall be bound by terms of this Order.

4. No person to whom a record covered by this Order is disclosed by the Parties or Parties' attorneys shall make a copy of the record unless copying reasonably promotes the preparation for and trial of this litigation. Neither the Parties, Parties' attorneys, nor any individual to whom they make disclosure shall disclose any record or information covered under this Order except for the purposes of preparing for and prosecuting this litigation.

5. Any confidential information submitted to the Court in connection with a motion, trial or other proceeding within the purview of this lawsuit shall be submitted and maintained by the Clerk under seal. Only the court and counsel of record for the respective parties shall have access to such confidential information or the Privileged Documents.

6. The parties and their attorneys shall take all necessary and proper steps to preserve the confidentiality of, and protect the rights of the individual or entity asserting confidential treatment with respect to, any confidential information or the Privileged Documents.

7. All persons having knowledge of, access to or possession of any confidential information as a result of this litigation shall refrain from disclosing any portion of such information to any other person or entity except as otherwise permitted by this Stipulated Confidentiality Agreement and Protective Order.

8. Upon conclusion of this action (including appeals), all records or copies of records (except copies of documents accepted into evidence) secured from the Parties or their agents and protected by the terms of this Order, the Parties have agreed that the Privileged Documents will be maintained in each Parties' respective attorney's office to comply with insurance requirements; however, the Parties' attorneys agree to not utilize these Privileged Documents in other cases.

9. Nothing in this Order constitutes any decision by the Court concerning discovery disputes, the admission into evidence of any specific document, or liability for payment of any costs of production or reproduction; nor does the Order constitute a waiver by Plaintiff or Defendants of their right to object to the discovery of or admission into evidence of any record or information subject to this Order. By consenting to this Order, no Party waives any of its positions respecting either facts of the law applicable to this litigation.

10. This Stipulated Confidentiality Agreement and Protective Order shall remain binding after the conclusion of this litigation unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties bound hereby for the purposes of this Order.

CONSENTED TO:

| | |
|---|---|
| /s/H. Wallace Blizzard | /s/ Lynlee Wells Palmer |
| C. Michael Quinn | John W. Sheffield |
| H. Wallace Blizzard | Lynlee Wells Palmer |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

OF COUNSEL:  
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC  
The Kress Building  
301 Nineteenth Street North  
Birmingham, Alabama 35203  
Telephone: (205) 314-0500  
Facsimile: (205) 254-1500  

OF COUNSEL:  
JOHNSTON BARTON PROCTOR & ROSE LLP  
Colonial Brookwood Center  
569 Brookwood Village, Suite 901  
Birmingham, Alabama 35209  
Telephone: (205) 458-9400  
Facsimile: (205) 458-9500