IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TINA MCMANAMA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 2:07cv479-ID |
| | ) |
| GANNETT CO., INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION
AND PROTECTIVE ORDER**

On June 19, 2008, the parties moved the Court for a protective order (Doc. #17). Upon consideration of the motion, and for good cause, it is

ORDERED that the Motion (Doc. #17) is GRANTED.

As Plaintiff, Tina McManama, and Defendant, Gannett Co., Inc., by and through their attorneys, have stipulated to a confidentiality agreement and protective order (referred to as "Order"), and for the purpose of facilitating discovery by protecting documents, information, testimony, and evidence that may comprise confidential and proprietary business information, it is further

ORDERED as follows:

1. This Order applies to, governs, and directs the disclosure in the course of this action for each and every document contained in the Plaintiff's documents responsive to the Defendants' Request for Production of Documents and for each and every document

contained in the Defendants' documents responsive to Plaintiff's Request for Production of Documents (hereinafter "Privileged Documents"). This Order also permits the Parties to meet their discovery obligations by offering for inspection by either parties' counsel in the manner permitted by <u>Federal Rule of Civil Procedure</u> 33(d), regarding Privileged Documents.

2. Disclosure shall be made by Defendants only to Plaintiff through Defendants' attorneys. Plaintiff's attorney shall be allowed to copy any records or information so disclosed but shall not further share them with any person unless such disclosure is reasonably calculated in good faith to aid in the preparation of this litigation. Plaintiff's attorney shall insure that any person to whom disclosure is made shall be given a copy of the Order and informed of the terms of this Order prior to such event. In that circumstance, that individual shall be bound by terms of this Order.

3. Disclosure shall be made by Plaintiff only to Defendants through Plaintiff's attorneys. Defendants' attorney shall be allowed to copy any records or information so disclosed but shall not further share them with any person unless such disclosure is reasonably calculated in good faith to aid in the preparation of this litigation. Defendants' attorneys shall insure that any person to whom disclosure is made shall be given a copy of the Order and informed of the terms of this Order prior to such event. In that circumstance, that individual shall be bound by terms of this Order.

4. No person to whom a record covered by this Order is disclosed by the Parties or

       Parties' attorneys shall make a copy of the record unless copying reasonably promotes the preparation for and trial of this litigation. Neither the Parties, Parties' attorneys, nor any individual to whom they make disclosure shall disclose any record or information covered under this Order except for the purposes of preparing for and prosecuting this litigation.

5. Any confidential information submitted to the Court in connection with a motion, trial or other proceeding within the purview of this lawsuit shall be submitted and maintained by the Clerk under seal. Only the court and counsel of record for the respective parties shall have access to such confidential information or the Privileged Documents.

6. The parties and their attorneys shall take all necessary and proper steps to preserve the confidentiality of, and protect the rights of the individual or entity asserting confidential treatment with respect to, any confidential information or the Privileged Documents.

7. All persons having knowledge of, access to or possession of any confidential information as a result of this litigation shall refrain from disclosing any portion of such information to any other person or entity except as otherwise permitted by this Stipulated Confidentiality Agreement and Protective Order.

8. Upon conclusion of this action (including appeals), all records or copies of records (except copies of documents accepted into evidence) secured from the Parties or their

agents and protected by the terms of this Order, the Parties have agreed that the Privileged Documents will be maintained in each Parties' respective attorney's office to comply with insurance requirements; however, the Parties' attorneys agree to not utilize these Privileged Documents in other cases.

9. Nothing in this Order constitutes any decision by the Court concerning discovery disputes, the admission into evidence of any specific document, or liability for payment of any costs of production or reproduction; nor does the Order constitute a waiver by Plaintiff or Defendants of their right to object to the discovery of or admission into evidence of any record or information subject to this Order. By consenting to this Order, no Party waives any of its positions respecting either facts of the law applicable to this litigation.

10. This Stipulated Confidentiality Agreement and Protective Order shall remain binding after the conclusion of this litigation unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties bound hereby for the purposes of this Order.

Done this 24th day of June, 2008.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE